# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|                              |   |                          |
|------------------------------|---|--------------------------|
| **UNITED STATES OF AMERICA** | : |                          |
|                              | : | **CRIMINAL ACTION**      |
|                              | : | **NO. 99-109-01**        |
| v.                           | : |                          |
|                              | : |                          |
| **MARCO BURTON**             | : |                          |

**DuBOIS, J.**                                                                                                 **March 25, 2010**

## **M E M O R A N D U M**

Presently before the Court is defendant Marco Burton's Motion Pursuant to Rule 60(b)(5) and (6) of the Federal Rules of Civil Procedure. For the reasons set forth below, defendant's motion is dismissed.

## I. BACKGROUND

The detailed procedural and factual histories of this case are included in this Court's previous opinions. See United States v. Burton, 2005 WL 1813105, at *1-2 (E.D. Pa. July 21, 2004); United States v. Burton, 193 F.R.D. 232, 235-37 (E.D. Pa. 2000). Accordingly, this Memorandum sets forth only the history necessary to explain the Court's ruling.[1]

Before pleading guilty, Burton moved to suppress the evidence seized from the 2543 North Garnet Street house and defendant's Nissan Maxima automobile. He argued, *inter alia*,

---

[1] The facts recited in the government's brief are entirely in accord with the facts of record set forth in every opinion in this case. Thus, the Court denies Burton's request for an evidentiary hearing.

that the protective sweep of 2543 North Garnet Street was illegal, and thus the items observed in plain view could not form the basis for the search warrants for the house and the automobile. This Court denied the motion to suppress on February 25, 2000. United States v. Burton, 193 F.R.D. 232, 240-43 (E.D. Pa. 2000). In doing so, the Court determined that Maurice Smith had apparent and actual authority to consent to the sweep of 2543 North Garnet Street. Id. at 241-42. Thus, the items observed in plain view during the protective sweep could serve as the basis for the search warrants. Id.

The United States Court of Appeals for the Third Circuit affirmed the denial of Burton's motion to suppress, but on different grounds. United States v. Burton, 288 F.3d 91 (3d Cir. 2002). The Third Circuit held that "even if the drug paraphernalia evidence was illegally obtained, an issue we do not decide, the search warrant need not be invalidated if the other evidence in the McEwan affidavit independently would have established probable cause to search the house." Id. at 103. That court then concluded that the search warrant would have been valid even without the information in the affidavit regarding the drug paraphernalia observed in the protective sweep of 2543 North Garnet Street. Id.

Burton is once again challenging the probable cause for the search warrants and his conviction. He now argues that the protective sweep of 2543 North Garnet Street is illegal based on the Supreme Court's decision in Arizona v. Gant, 129 S.Ct. 1710 (2009). For the following reasons, Burton's Motion Pursuant to Rule 60(b) is dismissed.

**II.    DISCUSSION**

**A. Burton's Rule 60(b) Motion Must Be Treated as a Successive Habeas Motion**

In addressing a Rule 60(b) motion in a criminal case, the Court must first determine

whether the motion is, in essence, a successive 28 U.S.C. § 2255 habeas motion. Such a ruling is required because the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2241 *et seq.*, requires a petitioner to obtain a certification from the Court of Appeals authorizing the District Court to address a successive § 2255 motion. See 28 U.S.C. § 2255(h) (incorporating the certification requirements of 28 U.S.C. § 2244(b)(3)).

Whether a Rule 60(b) motion should be treated as a successive habeas motion is based on whether the petitioner is challenging a previous habeas motion or his underlying conviction. Only when the motion challenges the manner in which an earlier habeas corpus motion was procured can it be adjudicated on the merits without Court of Appeals authorization. Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004). When a Rule 60(b) motion "seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition." Id. See also Gonzalez v. Crosby, 545 U.S. 524, 531 (2005) ("a motion [which] contend[s] that a subsequent change in substantive law is a 'reason justifying relief'.... although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly").[2]

Burton's motion challenges the protective sweep of 2543 North Garnet Street and the validity of his conviction; it does not challenge the denial of his habeas motions. Thus, his motion must be treated as a successive habeas motion. Because Burton has previously filed habeas motions, any successive motion must be certified by the Third Circuit before being

---

[2] The Supreme Court in Gonzalez explicitly limited the decision to habeas challenges to state court convictions. 545 U.S. at 530 n.3. Accordingly, that decision, although informative, is not controlling. See United States v. Ramsey, No. 09-2760, 2009 WL 3358477, at *1 (3d Cir. Oct. 20, 2009) (relying on Gonzalez to dismiss a Rule 60 motion as a second or successive § 2255 motion).

presented to this Court. Burton has failed to obtain the required authorization of the Court of Appeals for a successive habeas motion. Therefore, his motion is dismissed.

**B. The Supreme Court's Decision in <u>Gant</u> Is Inapplicable to the Protective Sweep of 2543 North Garnet Street**

Even if Burton's challenge to his conviction was adjudicated on the merits, his motion would be denied because the Supreme Court's ruling in <u>Arizona v. Gant</u> does not affect the validity of either the protective sweep of 2543 North Garnet Street or the search warrants which followed.[3] This determination is based on the fact that, in denying Burton's motion to suppress, neither this Court nor the Third Circuit relied on the validity of the protective sweep, the only issue addressed in <u>Gant</u>. Because the ruling in <u>Gant</u> does not affect the reasoning underlying the Court's denial of Burton's motion to suppress, the Court does not address the question of whether <u>Gant</u> should be applied retroactively.

In <u>Gant</u>, the Supreme Court addressed the validity of protective searches incident to arrest. Rodney Gant was arrested for driving without a license, handcuffed, and locked in a patrol car. 129 S.Ct. at 1714. Relying on the Supreme Court's decision in <u>New York v. Belton</u>, 453 U.S. 454 (1981), police officers searched his car and discovered cocaine. <u>Id.</u> Under <u>Belton</u> and its progeny, police officers were allowed to conduct warrantless, protective searches of vehicles even after the arrestee was fully under control. See <u>Gant</u>, 129 S.Ct. at 1720-21 (discussing and rejecting such a broad reading of <u>Belton</u>). In <u>Gant</u>, however, the Supreme Court narrowed the scope of <u>Belton</u> and concluded that the search of Gant's vehicle was unreasonable. It held that police may search a vehicle incident to arrest "only if the arrestee is within reaching

---

[3] Burton contends that <u>Gant</u> applies to other aspects of his arrest. However, the protective sweep of 2543 North Garnet Street is the only warrantless search at issue in this case.

distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." Id. at 1723.

The holding of Gant does not affect the validity of the protective sweep or the search warrants in the instant case. This Court did not uphold the protective sweep and the search warrants based on the reasoning of Belton. Rather, this Court ruled that the protective sweep was lawful because Maurice Smith had actual and apparent authority over 2543 North Garnet Street and consented to the protective sweep. Burton, 193 F.R.D. at 241-42. Accordingly, Gant does not alter the legality of the protective sweep or the validity of Burton's conviction.

Furthermore, even without the evidence observed in the protective sweep of 2543 North Garnet Street, the search warrants would be valid. This determination is based on the Third Circuit opinion which so held and this Court's independent judgment on that issue based on the present state of the record. See Burton, 288 F.3d at 103-04 (setting forth other facts in the affidavits which independently provided sufficient probable cause).

## III.    CONCLUSION

For the reasons set forth above, defendant's motion is dismissed. An appropriate order follows.