IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION |
| v. | |
| MARCO BURTON | NO.  99-109 |

DuBois, J.                                                                                                    December 29, 2014

**M E M O R A N D U M**

**I.     INTRODUCTION**

Presently before the Court is pro se defendant Marco Burton's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. For the reasons set forth below, Burton's Motion is dismissed as an unauthorized second or successive habeas motion.

**II.    BACKGROUND**

The detailed procedural and factual histories of this case are included in this Court's previous opinions. See United States v. Burton, No. 99-109-01, 2010 WL 1141268, at *1 (E.D. Pa. Mar. 25, 2010); United States v. Burton, No. 99-109-01, 2005 WL 1813105, at *1–2 (E.D. Pa. July 21, 2004); United States v. Burton, No. 99-109-01, 193 F.R.D. 232, 235–37 (E.D. Pa. 2000). Accordingly, this Memorandum sets forth only the history necessary to explain the Court's ruling.

**A.     Conviction and Sentencing**

On July 6, 1999, Burton was charged in a five count Superseding Indictment with possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (Count One); possession with intent to deliver cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1) (Count Two); possession of a firearm in furtherance of a drug trafficking crime in violation of 18

U.S.C. § 924(c) (Count Three); and two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Counts Four and Five). On February 1, 2000, the government filed a Notice of Defendant's Prior Convictions for Enhanced Sentencing pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).[1] On February 25, 2000, the government filed an Information Charging Prior Offenses pursuant to 21 U.S.C. § 851. The Notice and Section 851 Information notified Burton of the government's intention to rely on his prior drug convictions to seek enhanced penalties at sentencing under 18 U.S.C. § 924(e). Section 924(e) "raises the penalty for possession of a firearm by a felon from a maximum of 10 years in prison to a mandatory minimum sentence of 15 years and a maximum of life in prison without parole if the defendant 'has three previous convictions . . . for a violent felony or a serious drug offense.'" Custis v. United States, 511 U.S. 485, 487 (1994) (quoting 18 U.S.C. § 924(e)). On February 29, 2000, Burton pled guilty to all five counts of the Superseding Indictment.

Sentencing was conducted on September 19, 2000. As relevant here, the Court determined at sentencing that Burton was an armed career criminal under § 4B1.4 of the United States Sentencing Guidelines ("Sentencing Guidelines"), the applicable guideline provision for calculating the base offense level of a defendant under the ACCA.[2] The Court's determination that Burton was an armed career criminal under the ACCA was based upon three of his prior

---

[1]     18 U.S.C. § 924(e) provides, in relevant part:
   In the case of a person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . .
   (2) As used in this subsection–(A) the term "serious drug offense" means . . .
      (ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law . . .

[2]     Section 4B1.4(a) of the Sentencing Guidelines provides: "A defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal."

2

drug convictions, set forth in paragraphs 48, 49, and 52 of the Presentence Report ("PSR"). Tr. 9/19/00 at 14; see also PSR ¶¶ 48, 49, 52. Specifically, in those three prior convictions, Burton pled guilty to "manufactur[ing], delivery, or possession with intent to manufacture or deliver, a controlled substance" in violation of 35 Pa. Cons. Stat. Ann. § 780-113(a)(30). See PSR ¶¶ 48, 49, 52. At sentencing, the Court summarized those convictions as follows:

> The first, Paragraph 48, arrest November 9th, 1990, defendant was 19 years old, 2.9 grams of cocaine base were involved. Defendant pled guilty and was placed on probation for two years.
>
> The second, Paragraph 49 of the presentence report, the date of the offense July 9th, 1991, defendant was 20 years of age, 400 milligrams of cocaine base were involved. . . I think the value of that 400 milligrams on the street was ten dollars. Defendant pled guilty and was placed on probation for two years.
>
> And the third offense, Paragraph 52, occurred November 22nd, 1994, defendant was 23 years of age. That offense involved 50 milligrams of cocaine base, defendant was placed on two years probation, he pled guilty.

Tr. 9/19/00 at 14–15.

Because all three of Burton's prior drug convictions involved the "manufactur[ing], delivery, or possession with intent to manufacture or deliver, a controlled substance" and they each provided for a maximum penalty of "imprisonment not exceeding fifteen years," the Court determined that they were "serious drug offense[s]" under § 924(e). See 18 U.S.C. § 924(e)(2)(A)(ii) (defining a "serious drug offense" as, inter alia, "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law"); 35 Pa. Cons. Stat. Ann. § 780-113(f)(1);[3] Tr. 9/19/00 at 15, 30–31. This resulted in Burton's designation as an armed career criminal.

---

[3]   35 Pa. Cons. Stat. Ann. § 780-113(f)(1) provides, in relevant part: "Any person who violates clause (12), (14) or (30) of subsection (a) with respect to: (1) A controlled substance or counterfeit substance classified in Schedule I or II which is a narcotic drug is guilty of a felony

The Court sentenced Burton to fifteen years imprisonment — the mandatory minimum sentence required by the ACCA — on Counts One, Two, Four, and Five.[4] Tr. 9/19/00 at 46. Count Three, charging Burton with possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c), required a five year consecutive sentence of imprisonment. The Court imposed that sentence in addition to the fifteen year sentence on Counts One, Two, Four, and Five. Tr. 9/19/00 at 44, 46. This resulted in a total sentence of, inter alia, 240 months' imprisonment.

B.  Post-Conviction Motions

Following his sentencing and the resolution of his direct appeal,[5] Burton filed five post-conviction motions, not including the Motion presently before the Court. First, on November 17, 2003, Burton filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody in which he raised numerous challenges to his conviction and sentence. The Court denied that Motion by Memorandum and Order dated July 21, 2004. Second, on March 19, 2007, Burton filed a Motion to Modify Term of Imprisonment [Pursuant to] 18 U.S.C. § 3582(c)(2) in which he argued that his prior convictions were not "serious drug offense[s]" under the ACCA in light of Amendment 599 of the Sentencing Guidelines. The Court denied that Motion by Memorandum and Order dated May 23, 2007. Third, on October 20, 2008, Burton filed a § 2241 Motion challenging his conviction in light of the Supreme

---

and upon conviction thereof shall be sentenced to imprisonment not exceeding fifteen years. . . ." See also id. § 780–104 (categorizing cocaine as a Schedule II substance).

[4]  The fifteen year mandatory minimum sentence provided by the ACCA also applied to Counts One and Two because those Counts were grouped with Counts Four and Five.

[5]  The appeal raised a single issue — denial of Burton's Motion to Suppress Physical Evidence. See United States v. Burton, 288 F.3d 91 (3d Cir. 2002). On April 29, 2002, the Third Circuit affirmed this Court's ruling denying Burton's Motion, but on different grounds. Id.

Court's ruling in District of Columbia v. Heller, 554 U.S. 570 (2008).[6] The Court dismissed that Motion as an unauthorized second or successive habeas motion by Memorandum and Order dated March 25, 2009. Fourth, on January 11, 2010, Burton filed a Motion Pursuant to Rule 60(b)(5) and (6) of the Federal Rules of Civil Procedure in which he challenged his conviction in light of the Supreme Court's ruling in Arizona v. Gant, 556 U.S. 332 (2009). The Court dismissed that Motion as an unauthorized second or successive habeas motion by Memorandum and Order dated March 25, 2010. Finally, in an undated letter to the Court, Burton sought reconsideration of his sentence in light of the Supreme Court's ruling in Alleyne v. United States, 133 S. Ct. 2151 (2013). The Court denied that request by letter dated July 25, 2013.

### III. DISCUSSION

In the instant Motion, Burton asks the Court to vacate his sentence and to resentence him without the armed career criminal enhancement. Liberally construing Burton's Motion, the Court interprets his argument to be that, in light of Descamps v. United States, 133 S. Ct. 2276 (2013), the Court erred in determining that he was an armed career criminal under the ACCA because it did not apply the categorical approach in considering whether his prior convictions qualified as predicate offenses under the ACCA. For the following reasons, Burton's Motion is dismissed.

#### A. Burton's Motion Must Be Treated as a Successive Habeas Motion

The Court must first determine whether Burton's Motion is a second or successive habeas motion. Such a ruling is required because the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2241 et seq., requires a movant to obtain a certification from the appropriate Court of Appeals authorizing the District Court to address a second or successive habeas motion. See 28 U.S.C. § 2255(h) (incorporating the certification requirements of 28 U.S.C. § 2244(b)(3)). Although Burton's Motion is captioned as a Section 2255 Motion, that is not dispositive of

---

[6] Burton's § 2241 Motion was docketed under a separate Civil Action Number (08-cv-4974).

whether it is a second or successive habeas motion. See United States v. Delgado, 363 F. App'x 853, 855 (3d Cir. 2010) (pro se filings must be construed "with an eye toward their substance rather than their form"). Moreover, "a prisoner's application is not second or successive simply because it follows an earlier federal petition." United States v. Bass, 864 F. Supp. 2d 353, 360 (E.D. Pa. 2012). Rather, a motion should be treated as a second or successive habeas motion only if the movant is challenging his underlying conviction or sentence. Burton, 2010 WL 1141268, at *2. When the motion challenges the manner in which an earlier habeas corpus judgment was procured, it can be adjudicated on the merits without Court of Appeals authorization. Id.

Even construing Burton's Motion liberally, it is clear that it is a second or successive habeas motion. In the Motion, Burton challenges the validity of his sentence; he does not challenge the way in which an earlier habeas judgment of this Court was procured. Because Burton has previously filed habeas motions, any successive motion must be certified by the U.S. Court of Appeals for the Third Circuit before being presented to this Court. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). As Burton has not obtained the required certification, Burton's Motion is dismissed without prejudice to his right to seek authorization from the Third Circuit to file a second or successive motion pursuant to 28 U.S.C. § 2244(b)(3)(A).

### B. Burton's Reliance on Descamps is Misplaced

Even if Burton's Motion was adjudicated on the merits, the Motion would be denied. Burton's argument fails because the Court did not apply the modified categorical approach at his sentencing. Rather, the Court arrived at its determination that Burton was an armed career criminal under the ACCA based on the fact that Burton's three prior convictions were for "manufactur[ing], delivery, or possession with intent to manufacture or deliver, a controlled substance," and that each conviction provided for a maximum penalty of "imprisonment not exceeding fifteen years." See 18 U.S.C. § 924(e). The Court made this determination without

availing itself of the modified categorical approach, i.e. the Court did so without "consulting a limited class of documents, such as indictments and jury instructions." Descamps, 133 S. Ct. at 2281.

Moreover, there is a significant question as to whether Descamps was made retroactive to cases on collateral review. No court in this District has so held, and this Court has not found any decisions in other Circuits which have held that Descamps was made retroactive to cases on collateral review. See, e.g., United States v. Wilson, No. 06-0097, 2014 WL 3339632, at *2 (W.D. Pa. July 8, 2014) ("[T]he overwhelming weight of authority interpreting [Descamps] has . . . held that there is no indication that the Supreme Court intended for its holding to be applied retroactively."); United States v. Chapman, No. 13-3404, 2014 WL 1931814, at *4 (S.D. Tex. May 14, 2014) ("While no circuit court has addressed the issue, the district courts that have done so consistently hold that Descamps does not apply retroactively to cases on collateral review.").

Even assuming arguendo that Descamps was made retroactive to cases on collateral review, it does not affect the validity of Burton's sentence. Descamps held that a sentencing court may not apply the modified categorical approach to sentencing under the ACCA when the predicate crime of which the defendant was convicted has a single, indivisible set of elements. Descamps, 133 S. Ct. at 2281–82. Descamps is inapplicable to this case because, as the Third Circuit has recently ruled in a precedential opinion, the Pennsylvania statute under which Burton was convicted is divisible, and therefore, consistent with Descamps, a court may apply the modified categorical approach in determining whether a conviction under that statute qualifies as a predicate offense under the ACCA. United States v. Abbott, 748 F.3d 154, 158 (3d Cir. 2014); see 35 Pa. Cons. Stat. Ann. §§ 780-113(a)(30), (f)(1). Accordingly, even if the Court did apply

7

the modified categorical approach at Burton's sentencing, Burton would not be entitled to relief under Descamps.

In sum, Burton's Motion is without merit. The Court properly determined that Burton was an armed career criminal under the ACCA, and the Supreme Court's ruling in Descamps does not affect the validity of his sentence.

### C. A Certificate of Appealability Shall Not Issue

A certificate of appealability shall issue only if the petitioner establishes "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also 28 U.S.C. § 2253(c). The Court concludes that Burton has not made such a showing with respect to his pro se Motion. Thus, a certificate of appealability will not issue.

### IV. CONCLUSION

For the foregoing reasons, pro se defendant Marco Burton's Motion is dismissed without prejudice to his right to seek authorization from the Third Circuit to file a second or successive motion pursuant to 28 U.S.C. § 2244(b)(3)(A).

An appropriate order follows.