# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **MARCO BURTON** | : | **NO. 99-109-1** |

## MEMORANDUM

**Savage, J.**                                                                                  **August 10, 2023**

Defendant Marco Burton moves for early termination of his eight-year term of supervised release.[1] The Government opposes his request, citing the seriousness of his offenses, his episodic employment, and his violation of the terms of supervision. It argues that continuing supervised release is necessary to deter further criminal conduct and to assure rehabilitation and compliance with the law.[2]

A court may, in its discretion, terminate a term of supervised release after one year "if termination is warranted by the defendant's conduct and is in the interest of justice." 18 U.S.C. § 3583(e). Before doing so, the court must consider the sentencing factors set forth in § 3553(a). Despite the statutory mandate that a court consider all § 3553(a) factors, the Third Circuit Court of Appeals has made clear that the need for a sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment is not relevant to the consideration of early termination of supervised release. *United States v. Murray*, 692 F.3d 273 (3d Cir. 2012). Nor must a court find "an

---

[1] Mot. of Marco Burton for Early Termination of Supervised Release, ECF No. 162 ["Mot. for Early Term"].

[2] Gov't's Resp.in Opp. To Def.'s Mot. for Early Termination of Supervised Release at 2, 6 (ECF No 166) ["Resp."].

exceptional, extraordinary, new, or unforeseen circumstance" to grant early termination. *United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020).

Supervised release is not intended to be a form of punishment. It is meant to assist the defendant to integrate into the community. It is a form of rehabilitation. *United States v. Sheppard*, 17 F.4th 449, 454 (3d Cir. 2021); *Murray*, 692 F.3d at 280.

Burton has served six years of supervised release.[3] His probation officer, James Dagro, takes no position on his request for early termination.[4] For the past four years, he has been employed with Lines Construction. He also maintains that he has a "productive and quiet life," living with his wife in Clarksburg, Maryland.

The Government concedes that Burton has not had any serious violations, only saying that his "record is not perfect."[5] Last year, he traveled to Philadelphia before asking his probation officer for permission because he needed to make an emergency visit to his mother. He also traveled once to Virginia without permission.[6]

The Government argues that Burton has not met his burden of persuasion to show that his conduct and the interest of justice justify terminating his supervised release.[7] It argues that his "compliance with the terms of supervised release is merely what is expected" and does not warrant early termination.

We are not required to make specific findings of fact for each statutory factor under § 3583(e)(1). *Melvin*, 978 F.3d at 52-53. We need only articulate that we have considered

---

[3] Mot. for Early Term ¶ 1.
[4] Resp. at 2.
[5] *Id.*
[6] *Id.*
[7] *Id.* at 3.

the relevant factors under § 3553(a), the defendant's conduct, and the interests of justice in rendering a decision. *See id*. at 53. Having done so, we conclude Burton has not demonstrated that termination is warranted. Therefore, we shall deny his motion for early termination.